Filed 7/21/16  P. v. Manning CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>RONALD MORGAN MANNING,<br><br>        Defendant and Appellant. | A147663<br><br>(Del Norte County<br> Super. Ct. No. CRF15-9538) |

In an information filed on August 19, 2015, defendant Ronald Morgan Manning was charged with the felony offenses of committing a lewd act on a child (Pen. Code,[1] § 288, subd. (c)(1)) (count one); oral copulation of person under 16 (§ 288a, subd. (b)(2)) (count two); unlawful sexual intercourse with a minor (§ 261.5, subd. (c)) (counts three and four); child endangerment (§ 273a, subd. (a)) (count five); corporal injury to spouse or co-habitant (§ 273.5) (count six); and dissuading a witness from prosecuting a crime (§ 136.1, subd. (b)(2)) (count seven).

On October 16, 2015, at a change of plea proceeding, after a full advisement of his rights, defendant, represented by counsel, pleaded guilty to commission of a lewd act (count one), unlawful sexual intercourse (count four), and corporal infliction of injury on a spouse or co-habitant (count six).  Defendant stipulated that the preliminary hearing transcript constituted a factual basis for the pleas.  All sentencing options were open to the court, from probation to a maximum aggregate term of five years and four months to

---

[1]     All further unspecified statutory references are to the Penal Code.

1

be served in state prison.  On December 2, 2015, defendant moved to withdraw his plea based on ineffective assistance of trial counsel.  The court appointed separate counsel only to represent defendant concerning his motion to withdraw his plea.  Following a hearing on January 12, 2016, the court explained its reasons for finding that there was no good cause shown to allow withdrawal of the plea.

On January 21, 2016, at sentencing, the trial court explained its reasons for both denying defendant's request for probation and sentencing him to an aggregate term of four years and four months to be served in state prison, consisting of three years (the middle term) on the corporal infliction of an injury conviction, plus consecutive terms of eight months (1/3 the middle term) on the commission of a lewd act conviction and eight months (1/3 the middle term) on the unlawful sexual intercourse conviction.  The remaining counts were dismissed.  The court awarded 356 days of credit for time served.

Defendant's appellate counsel has filed a brief raising no issues and asks us to independently review the record under *People v. Wende* (1979) 25 Cal.3d 436.  We have conducted that review, and agree with appellate counsel that there are no issues warranting further briefing.  As required under *People v. Kelly* (2006) 40 Cal.4th 106, 124, we affirmatively note that appellate counsel has informed defendant of his right to file a supplemental brief and he has not filed such a brief.

## DISPOSITION

The judgment is affirmed.


_____

Jenkins, J.


We concur:


_____

McGuiness, P. J.

_____
Siggins, J.


*People v. Ronald Morgan Manning*, A147663